

# UNITED STATES BANKRUPTCY COURT
### Eastern District of California

**Robert T Matsui United States Courthouse**
**501 I Street, Suite 3−200**
**Sacramento, CA 95814**

(916) 930−4400
www.caeb.uscourts.gov
M−F 9:00 AM − 4:00 PM

# FILED

## 5/1/10

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

auto

## NOTICE OF FILING REPORT OF NO DISTRIBUTION, COMBINED WITH ORDER FIXING DEADLINE TO OBJECT THERETO

**Case Number:**  10−27048 − C − 7          **Last Day to File an Objection:**  05/31/2010

**Debtor Name(s) and Address(es):**

Delbert L. Evans
8454 Pastori Way
Sacramento, CA 95828

Gladys T. Evans
8454 Pastori Way
Sacramento, CA 95828

**Trustee:**

Michael G. Kasolas
PO Box 26650
San Francisco, CA 94126

**Telephone Number:**          415−504−1926

**Office of the United States Trustee:**
For cases in the Sacramento Division and Modesto Division:   501 I Street, Room 7−500, Sacramento, CA 95814
For cases in the Fresno Division:    2500 Tulare Street, Suite 1401, Fresno, CA 93721

**NOTICE IS HEREBY GIVEN THAT:**   The trustee in the above case has filed a "Report of No Distribution," stating there are no funds available from the estate for distribution to creditors. The report contains the trustee's certification that the estate has been fully administered.

**IT IS ORDERED AND YOU ARE FURTHER NOTIFIED THAT:**  Unless an objection is filed by the United States Trustee or a party in interest on or before the date shown above, the Court will presume the estate fully administered and proceed to close the case. Any objection shall state with particularity the grounds therefor (see **NOTE** below), and shall be accompanied by a notice of hearing with the date and time filled in. Self set calendar procedures and available hearing dates are posted under *Court Calendars* on the Court's web site (www.caeb.uscourts.gov).

The objection, notice of hearing, and any supporting documents shall be served on the trustee, and unless filed by the United States Trustee, transmitted to the Office of the United States Trustee by the objecting party on or before the date of filing with the Clerk. Proof of Service and transmittal of the objection, notice of hearing, and any supporting documents shall be filed concurrently with such pleadings, or within (3) court days.

If no objections are filed, no hearing will be calendared, and after the resolution of any pending matter and the entry of an order granting or denying the debtor's(s') discharge, the Court will, without further notice, enter an order discharging the trustee and closing the case.

Dated:
5/1/10

For the Court,
Richard G. Heltzel , Clerk

**NOTE:** Examples of matters which are appropriate grounds for hearings on objections to the trustee's report include, but are not limited to, failure by the trustee to collect and reduce to money the property of the estate; failure of the trustee to account for all property received; and failure by the trustee to investigate the financial affairs of the debtor. Examples of matters which are not appropriate for hearings on objections to the trustee's report include general objections to the debtor's discharge; objections to the dischargeability of specific debts; failure to be paid on a debt owed (except in an asset case where the trustee made a distribution in accordance with 11 U.S.C. Section 726, but improperly failed to include the objecting party in such distribution); and return of property.